BLEWITT, Appellant, vs. McRAE and others, Respondents.

*May 6 — June 23, 1898.*

*Purchase of land jointly with vendor's agents: Fraud: Remedies: Money had and received.*

Plaintiff and defendants agreed to become jointly interested in, and copurchasers of, certain land. Defendants were agents of the vendor to make the sale. They paid the earnest money, and took

a receipt from the vendor, specifying when subsequent payments should be made and providing that in case of default in any payments said earnest money should be forfeited, time being of the essence of the contract. Plaintiff afterwards paid to defendants, for the vendor, a sum equal to the earnest money paid by them, and also his half of the next payment, and this money was by them paid over and applied on the purchase in conformity with his instructions. Plaintiff thereafter failed and refused to make further payments, and defendants completed the purchase and sold the land again at a loss, receiving, however, no money upon such sale, but only other property which had not, when the action was commenced, been converted, in whole or in part, into money. The evidence tended to show that defendants were to receive from the vendor a large commission on the sale, but had falsely stated to plaintiff that no commission was allowed them and that the price agreed on was the rock-bottom price. *Held*, that plaintiff could not recover from defendants the money paid by him, as money had and received by them to his use. If injured by any fraud or deceit of defendants, his action should be founded thereon.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *John Brennan*, and oral argument by *Mr. Brennan* and *Mr. A. L. Sanborn.*

*Frederick H. Remington*, for the respondents.

PINNEY, J. This action was before the court on an appeal by the defendants from a judgment rendered therein in favor of the plaintiff and against the defendants for $1,023.33 and costs, which was reversed, and the cause remanded for a new trial. *Blewett v. McRae*, 88 Wis. 280, where the case and former decision are fully stated. At the second trial, after the conclusion of the evidence, judgment of nonsuit was given against the plaintiff, from which he has appealed. There is no finding of facts, and but few of the facts developed on the second trial need be stated, in addition to those appearing in the report of the case referred to (88 Wis. 280), in order to reach a proper disposition of this appeal.

The complaint alleges simply and only that on or about

March 16, 1891, the defendants, who were partners and brokers under the firm name and style of Kelley, Drexel & Co., received of the plaintiff the sum of $1,000, to the plaintiff's use; and the answer is a general denial. It appears that the plaintiff and the defendants agreed to become jointly interested in, and copurchasers of, the four lots in question, and that the defendants paid the earnest money upon such purchase, and took a receipt from the vendor, Alex. W. Stowe, for whom they were acting as agents, specifying when the subsequent payments were to be made, and providing that, in case of default in any payment, said earnest money should be forfeited, time being of the essence of the contract; that the plaintiff afterwards paid to the defendants, who were such agents of the vendor, Stowe, a sum to equal or to balance the earnest money so paid by them, and also his half of the next payment of the purchase money, and this money, by the plaintiff's express instructions, was so applied accordingly. The plaintiff afterwards failed and refused to make further payments of purchase money as they became due, and the defendants completed the purchase, and sold the land again, but at a considerable loss; receiving however, no money upon such sale, but specific parcels of property, which had not, when this action was commenced, so far as appears, been converted, in whole or in part, into money.

Evidence was given tending to show,— and such was claimed to be the fact,— that the defendants had an agreement with the vendor, Stowe, but concealed from the knowledge of the plaintiff, by which they were to receive a commission upon the sale they were thus making for Stowe, the vendor, of over $1,000, which, as between them and Stowe, was to be applied on, and deducted from, the last cash payment, of $3,300, to be paid by the purchasers April 6, 1891. The defendants had told the plaintiff in the meantime, and before the purchase was agreed to, that the vendor was not

allowing any commission to the defendants as agents; that the $8,800 agreed on was the rock-bottom price that the property could be bought for. The evidence was that the plaintiff had no notice of such agreement with the vendor for a commission to the defendants until a short time before the last trial; and this fact was relied on as showing that a fraud was committed against the plaintiff, which entitled him to recover against the defendants, his copurchasers, the $1,000 he had so paid in on the purchase.

The plaintiff and defendant were copurchasers of the property from Stowe, and the defendants were Stowe's agents, and the $1,000 which the plaintiff remitted to them from Fond du Lac, and for the recovery of which he now sues as paid to his use, was paid over and applied upon said purchase strictly in conformity with the instructions of the plaintiff at the time it was remitted. In the letter inclosing the draft to the defendants for $1,000, the plaintiff wrote: "Herewith inclosed find draft for $1,000, with which you will cancel my obligations on lots 1, 2, 3, 4, block 202, town site of West Superior, Wis. . . . As I understand matters, one half of this is to balance your earnest money, and the other half is to pay my half of payment due March 19, 1891; I controlling one half interest in the four lots." The plaintiff testified, on being asked, "What did you intend or what did you mean by balance?" "I meant that, in accordance with the agreement, that I was to make the second payment, which was to balance the first payment made by the firm, and that the second $500 was to pay half of the second payment. I think it was the third payment." As was said when the case was here on the former appeal (88 Wis. 284): "Beyond question, that payment gave the plaintiff an equitable interest in the land, which he might have enforced had he made the other payments as he had agreed. He is not here seeking to enforce the contract which he had made, nor to enforce or obtain any share or payment of the proceeds

for which the lots were sold, but to recover back the money he had paid on the contract, which he was unable further to perform, and therefore refused to perform." And it is not shown that the defendants have received any money upon the sale, or for the property received on it. The evidence does not show, therefore, that the defendants have received, or now hold, any money which in equity belongs to the plaintiff, unless it can be maintained that the money paid by him to the defendants for his part of the purchase price of the lots, and to the payment of which the defendants appropriated it by his express direction, can still be considered as money held by them to his use. The plaintiff has done nothing to rescind the contract of purchase, so far as he is concerned. As to him, its provisions still remain in full force and effect, and he received the benefit that it was expected and contemplated he would receive from its payment. Under these circumstances, we think that he cannot maintain this action to recover the money thus paid over and appropriated. If the plaintiff has been injured in consequence of any fraud or deceit of the defendants in the transaction, he may bring his action founded thereon, and recover the damage he has sustained. We think the nonsuit was rightly granted.

*By the Court.*— The judgment of the circuit court is affirmed.